# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DEREK LICHTENWALTER,

        Petitioner,    :        Case No. 2:25-cv-553

  - vs -                            District Judge Michael H. Watson
                                  Magistrate Judge Michael R. Merz

UNNAMED RESPONDENT,
                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

On May 19, 2025, Petitioner filed a document under Case No. 2:20-cv-1559 requesting immediate release.  That case was dismissed with prejudice on June 30, 2021, and therefore is no longer available for filings.  Magistrate Judge Jolson, to whom the prior case was referred, therefore directed that a new case be opened which the Clerk did under the above case number and randomly assigned it to District Judge Watson and the undersigned pursuant to Amended General Order 22-05.

Ordinarily a second habeas corpus petition related to the same underlying conviction must receive permission from the circuit court of appeals before proceeding.  28 U.S.C. § 2244(b).  However, this Petition appears to relate to events which occurred after judgment was entered in the prior case and therefore is not barred by the second or successive ban enacted by that statute.

Having read the Petition, the undersigned finds it complains of assertedly unconstitutional conditions of confinement.  Claims of that nature must be brought in an action under 42 U.S.C. § 1983 and not in habeas corpus.  *Nelson v. Campbell,* 541 U.S. 637 (2004).  Habeas corpus is

available only to challenge the constitutionality of the judgment of convictions. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

It is therefore respectfully recommended that this action be dismissed without prejudice to Mr. Lichtenwalter's filing an action under 42 U.S.C. § 1983 raising his unconstitutional conditions of confinement claims. Such a filing would require a new complaint stating Petitioner's claims, along with the filing fee or an application to proceed *in forma pauperis*.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Because there is no named Respondent, the Clerk is directed to serve a copy of this Report on Dave Yost, Attorney General of Ohio, in care of Brian Higgins in that office.

May 20, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.