IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

DEREK LICHTENWALTER,

        Petitioner,    :        Case No. 2:25-cv-553

    - vs -                          District Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Michael R. Merz
UNNAMED RESPONDENT,

        Respondent.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's Report and Recommendations recommending that this case be dismissed without prejudice to Petitioner's re-filing the substantive claims made in his Petition in a civil complaint under 42 U.S.C. § 1983 (the "Report," ECF No. 4). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 9).

The gravamen of the Report was that Petitioner was complaining of allegedly unconstitutional conditions of confinement and that such claims were not cognizable in habeas corpus. The Objections cite no law to the contrary. Instead, Petitioner asserts he filed a "birthrite writ" instead of a "statutory writ."

The writ of habeas corpus, although protected from improper suspension by the Constitution, is not a matter of "birth right." Rather, any person, whether or not American born, is entitled to invoke the writ and obtain relief when confined in violation of his or her constitutional rights. However, "the power to award the writ [of habeas corpus] by any of the courts of the United

1

States, must be given by written law," not common law. *Hueso v. Barnhart*, 948 F.3d 324, 326-327 (6th Cir. 2020), quoting *Ex parte Bollman*, 8 U.S. 75, 94, 2 L. Ed. 554 (1807). Section 2241, which allows courts to grant "[w]rits of habeas corpus," dates to the Judiciary Act of 1789. *Id.* citing *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). The Supreme Court of the United States has carefully distinguished between cases claiming confinement under an unconstitutional **conviction,** which can be brought in habeas, and confinement in unconstitutional **conditions**, which must be brought under 42 U.S.C. § 1983.

Because Petitioner is complaining of unconstitutional conditions in his place of confinement, this case should be dismissed without prejudice to its re-filing under 42 U.S.C. § 1983.

June 13, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #